UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LEROY PLUMMER,

    Plaintiff,

                                Case Number 08-11102
                                Honorable Thomas L. Ludington

v.

TAMELA L. MONDAY, *et. al.*,

    Defendant.
_____/

## **OPINION & ORDER DISMISSING PLAINTIFF'S COMPLAINT**

Plaintiff Leroy Plummer, a federal prisoner currently confined at Federal Correctional Institution McKean, Bradford, Pennsylvania, has filed a pro se prisoner civil rights complaint pursuant to 42 U.S.C. §1983.[1] Plaintiff commenced this civil rights proceeding by raising the issue of whether his parole was wrongfully extended, which resulted in his false imprisonment.

I

Plaintiff has been granted in forma pauperis status. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. §1997(e)(c), 28 U.S.C. §1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it

---

[1] The defendants in this matter include Nancy Spigliano (Supervisor), Patricia Caruso (Director of the Michigan Department of Corrections (MDOC)), Dennis Straub (Deputy Director of the MDOC); John Rubitschun (Chairman of the MDOC Parole Board); and Governor Jennifer Granholm.

finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See 28 U.S.C. 1915A(b).* A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks,* 436 U.S. 149, 155-57 (1978). A pro se civil rights complaint is to be construed liberally. *See Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). Nonetheless, it is well-established that a civil rights plaintiff must allege personal involvement of a defendant to state a claim under 42 U.S.C. § 1983. *See e.g., Monell v. Department of Social Services,* 436 U.S. 658, 691-92 (1978) (Holding § 1983 liability cannot be based upon a theory of *respondeat superior*); *Leary v. Daeschner,* 349 F.3d 888, 903 (6th Cir. 2003) (Holding plaintiff must allege facts showing that defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability).

Plaintiff has not done so with respect to defendants Nancy Spigliano, Patricia Caruso, Dennis Straub, John Rubitschun, and Governor Jennifer Granholm. He fails to state facts indicating that these defendants had any personal or direct involvement in his alleged false imprisonment. What Petitioner alleges is that these defendants knew about Defendant Monday's decision to extend his term of parole 24 months, which caused him to remain in custody. It is Plaintiff's position that despite this knowledge, Nancy Spigliano, Patricia Caruso, Dennis Straub, John Rubitschun, and Governor Jennifer Granholm failed to act on his behalf to contest the parole modification. Plaintiff contends that their failure to act constituted negligence and caused him to be falsely imprisoned.

A claimed constitutional violation must be based upon active unconstitutional behavior. *Green v. Barber,* 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Id. Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Therefore, simply because Nancy Spigliano, Patricia Caruso, Dennis Straub, John Rubitschun, and Governor Jennifer Granholm could have voiced a concern or objection to the extension Plaintiff's parole term, does not mean that they engaged in active unconstitutional behavior. The mere naming of a defendant in a lawsuit without making substantive allegations that the defendant deprived plaintiff of a federally guaranteed right is insufficient to state a claim and renders the complaint subject to summary dismissal. *See Potter v. Clark,* 497 F.2d 1206, 1207 (7th Cir. 1974). Conclusory allegations are insufficient to state a civil rights claim. *See Lanier v. Bryant,* 332 F.3d 999, 1007 (6th Cir. 2003). Plaintiff's complaint against Nancy Spigliano, Patricia Caruso, Dennis Straub, John Rubitschun, and Governor Jennifer Granholm will be dismissed.

II

As for Defendant Monday's alleged unconstitutional action of extending Plaintiff's parole 24 months, a challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action under 42 U.S.C. §1983. *Preiser v. Rodriguez,* 411 U.S. 475, 484, 493 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). To the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed. *Moore v. Pemberton,* 110 F.3d 22 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include: (1) potential application of *Heck v. Humphrey,* 512 U.S. 477 (1994); (2) differing defendants; (3) differing standards of §

3

1915(a)(3) and § 2253(c); (4) differing fee requirements; and (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).

To the extent Plaintiff seeks monetary relief, for alleged violations of Constitutional rights arising from his continued incarceration, his claim is barred by the *Heck v. Humphrey* doctrine. In *Heck,* the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck,* 512 U.S. at 486-87. Because Plaintiff does not allege that his conviction has been overturned, expunged, or called into question by a writ of habeas corpus, his allegations relating to his prolonged parole and resulting extension of his incarceration against Defendant Monday fail to state a claim for which relief may be granted and must therefore, be dismissed. See, *Adams v. Morris,* 90 Fed. Appx. 856, 858 (6th Cir. 2004); *Dekoven v. Bell,* 140 F.Supp.2d 748, 756 (E.D. Mich. 2001).

When a prisoner's civil rights claim is barred by the *Heck v. Humphrey* doctrine, the appropriate course for a federal district court is to dismiss the claim for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(h)(3), rather than dismiss the complaint with prejudice as being frivolous. The former course of action is not an adjudication on the merits and would allow for the prisoner to reassert his claims if his conviction or sentence is later invalidated. *See Murphy v. Martin,* 343 F.Supp.2d 603, 609 (E.D. Mich. 2 004). Therefore, because this Court is dismissing Plaintiff's § 1983 complaint as to Defendant Monday under *Heck,* the dismissal will be without

4

prejudice. *Diehl v. Nelson,* 198 F.3d 244, 1999 WL 1045076 (6th Cir. Nov. 12, 1999)(*citing Fottler v. United States,* 73 F.3d 1064, 1065 (10th Cir. 1996).

III

Accordingly, it is **ORDERED** that Plaintiff's complaint [Dkt. #1], with respect to Nancy Spigliano, Patricia Caruso, Dennis Straub, John Rubitschun, and Jennifer Granholm, is **DISMISSED WITH PREJUDICE.**

It is further **ORDERED** that Plaintiff's civil rights complaint [Dkt. #1] as to Tamela L. Monday, is **DISMISSED WITHOUT PREJUDICE.**

s/Thomas L. Ludington<br>
THOMAS L. LUDINGTON<br>
United States District Judge

Dated: April 29, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 29, 2008.

s/Tracy A. Jacobs<br>
TRACY A. JACOBS

---